**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| BARBARA MOCEK, individually and on behalf of all others similarly situated, | |
| Plaintiff, | No. __16-cv-8484_____ |
| v. | |
| ALLSAINTS USA LIMITED, a foreign business corporation, | |
| Defendant. | |

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that Defendant AllSaints USA Limited ("AllSaints" or "Defendant"), by its undersigned attorneys, files this Notice of Removal to remove the civil action filed against it by Plaintiff Barbara Mocek ("Mocek" or "Plaintiff") in the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois pursuant to 28 U.S.C. §§ 1441 and 1446. Removal is proper pursuant to: (a) 28 U.S.C. § 1331 on the basis of federal question jurisdiction; and (b) the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d), 1453, 1711 – 1715, on the basis of diversity jurisdiction. The grounds for removal are more fully set forth below.

### I. INTRODUCTION AND BACKGROUND

1. On August 23, 2016, AllSaints accepted service by Plaintiff of a Class Action Complaint (the "Complaint") filed in the Circuit Court of Cook County, Illinois, No. 2016-CH-10056, with service deemed effective that date. A copy of the Complaint and all papers concerning service are attached as Exhibit A hereto. This Notice of Removal is filed within 30 days after service of the Complaint on AllSaints.

2.      The one-count Complaint alleges that AllSaints has violated the Fair and Accurate

Credit Transactions Act ("FACTA") amendment to the Fair Credit Reporting Act, 15 U.S.C. §§

1681 *et seq.*, as amended ("FCRA"), by printing more than the last five (5) digits of Plaintiff's

credit card number on the electronically-printed receipt she received in relation to her $10.93

purchase at an AllSaints retail store in Rosemont, Illinois on July 1, 2016. Plaintiff also purports

to bring her claim on behalf of "thousands" of others similarly situated.  (Compl., ¶ 40.)  Plaintiff

alleges that AllSaints has been operating in the U.S. since 2009.  (Compl., ¶ 22.)  Defendant

denies any liability to Plaintiff or any member of the putative class she purports to represent.

3.      The Complaint alleges that Mocek is a citizen of the State of Illinois. (Compl., ¶

6.)

4.      The Complaint also alleges that AllSaints is a foreign corporation organized and

existing under the laws of the United Kingdom with its principal place of business located in

London, U.K.  (Compl., ¶ 7.)

## II.      GROUNDS FOR REMOVAL

### A.  Federal Question

5.      This Court has original jurisdiction over this action under 28 U.S.C. § 1331

because it is founded on a claim or right "arising under the Constitution, laws, or treaties of the

United States."  A defendant may remove an action to federal court under 28 U.S.C. § 1441 if the

complaint presents a federal question, such as a federal claim.  *See Avco Corp.* v. *Aero Lodge

No. 735*, 390 U.S. 557, 560 (1968).

6.      As explained above, the Complaint asserts a single claim against AllSaints –

violation of 15 U.S.C. § 1681c(g).  (Compl., ¶¶ 45-54.)  As such, the action is founded on a

claim or right "arising under the Constitution, laws, or treaties of the United States," so removal

pursuant to Section 1441 is proper.

**B. Class Action Fairness Act**

7.       Removal of this action is also authorized pursuant to CAFA.[1]  CAFA provides

federal courts with jurisdiction over class actions when: (1) there is "minimal" diversity (*i.e.*, at

least one plaintiff and one defendant are from different states); (2) the aggregate amount in

controversy could "plausibly" exceed $5 million (*see Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986

(7th Cir. 2008)); and (3) the action involves at least 100 class members.  28 U.S.C. §§ 1332(d)(2)

and (5)(B); *see also Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 552

(2014).  Each of these requirements is easily satisfied here.

8.       *First*, there is at least minimal diversity, as Plaintiff is a citizen of the State of

Illinois and Defendant is a citizen of the United Kingdom. (*See supra* ¶ 4.)

9.        *Second*, although Defendant denies any liability to Plaintiff or any member of the

putative class she purports to represent,[2] Plaintiff's **allegations** place at issue an amount that

meets CAFA's $5 million jurisdictional threshold.  According to the Complaint, Defendant

operates "over 50 retail locations in the United States" (Compl., ¶7) and "thousands of customers

fall into the definition of the Class" (Compl., ¶40).  Pursuant to 28 U.S.C. 1681n, upon which

Plaintiff relies (Compl., ¶54), Plaintiff is seeking statutory damages of up to $1,000 per each of

these thousands of putative class members, in addition to punitive damages and Plaintiff's costs

and attorney's fees.  Accordingly, on the basis of the class-wide statutory damages Plaintiff

seeks, and despite defendant's denial of liability, the "aggregated" claims of the class members

---

[1]       The term "class action" is defined under the statute as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action."   28 U.S.C. § 1332(d)(1)(B). Although Defendant disputes that Plaintiff can meet the requirements for certifying the alleged class of unnamed plaintiffs, this lawsuit qualifies as a "class action" under CAFA.

[2]       *See, e.g., Spivey,* 528 F.3d at 986 ("A removing defendant need not 'confess liability in order to show that the controversy exceeds the threshold.'") (quoting *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005)).

3

place the amount in controversy "plausibly" in excess of $5 million.  *See* 28 U.S.C. § 1332(d)(6) (putative class member claims "aggregated" to determine whether amount in controversy exceeds $5 million); *Spivey*, 528 F.3d at 986 (finding putative class claims "plausibly" exceeding $5 million); *see also Nieto v. Perdue Farms, Inc.*, No. 08-07399, 2010 WL 1031691, at * 2 (N.D. Ill. Mar. 17, 2010) (finding removal proper because relevant statute permits "recovery of punitive damages and attorney's fees, [and thus] it is plausible that the amount in controversy will exceed $5,000,000.") (citing *Oshana v. Coca-Cola Co.*, 472 F.3d 506 (7th Cir. 2006)).  As the Seventh Circuit has explained, the $5 million requirement is "a pleading requirement, not a demand for proof," and "[o]nce the proponent of federal jurisdiction has explained ***plausibly*** how the stakes exceed $5 million… then the case belongs in federal court ***unless it is legally impossible*** for the plaintiff to recover that much." *Spivey,* 528 F.3d at 986 (emphasis added) (citations omitted).[3]

10.     *Third,* as already noted, the Complaint alleges that the Class would consist of far more than 100 members. (Compl, ¶ 40.)  As such, AllSaints has satisfied the requirements for removal under CAFA.

11.     *Finally,* it would be a proper exercise of this Court's discretion to exercise jurisdiction over this case.  *See* 15 U.S.C. § 1332(d)(3).  Plaintiff alleges that Defendant operates "over 50 retail locations in the United States," but only "three in Illinois" (Compl. ¶ 7), and seeks to certify a nationwide class of persons who used a credit or debit card to make a purchase at any AllSaints' retail location in the United States (Compl. ¶39).

## III.     REMOVAL IS PROCEDURALLY PROPER

---

[3]     If the "50 retail locations" alleged by Plaintiff (Compl., ¶7) each allegedly issued 100 non-compliant receipts, that would plausibly constitute alleged damages of $5 million (50x100x1000), exclusive of costs, fees and punitive damages.

12.     The Northern District of Illinois is the federal district in which the Circuit Court of Cook County, Illinois—where Plaintiff filed her Complaint—is located.

13.     This Notice of Removal is timely under 28 U.S.C. § 1446(b), which states that "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based…."

14.     Written notice of the filing of this Notice of Removal will be provided to Plaintiff, and a copy of this Notice will be filed in the Circuit Court of Cook County, Illinois, as required by 28 U.S.C. § 1446(d).  This Notice of Removal is signed by AllSaints' counsel pursuant to Fed. R. Civ. Proc. 11.  *See* 28 U.S.C. § 1446(a).

15.     In filing this Notice of Removal, AllSaints does not waive any defenses that may be available; nor does AllSaints admit any of the factual allegations in the Complaint.  Rather, AllSaints expressly reserves the right to contest those allegations at the appropriate time.

## IV.     CONCLUSION

WHEREFORE, Defendant AllSaints USA Limited respectfully requests that the above-captioned action brought against it in the Circuit Court of Cook County, Illinois, be removed to the United States District Court for the Northern District of Illinois.

Dated: August 30, 2016                    Respectfully submitted,

*/s/ Michael F. Derksen*
Michael F. Derksen (IL Bar No. 6296212)
PROSKAUER ROSE LLP
Three First National Plaza
70 W. Madison St., Ste. 3800
Chicago, IL 60602
Telephone:  (312) 962-3550
mderksen@proskauer.com

Gregg M. Mashberg*
Kristen J. Mathews*

PROSKAUER ROSE LLP
Eleven Times Square
New York, NY 10036
Telephone: (212) 969-3000
gmashberg@proskauer.com
kmathews@proskauer.com

\* *Pro Hac Vice applications to be filed*

*Counsel for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on August 30, 2016, he caused a copy of the foregoing

Notice of Removal to be mailed to the following via First Class Mail:

Benjamin H. Richman
Courtney C. Booth
Edelson PC
350 N. LaSalle St., 13th Floor
Chicago, Illinois 60654
brichman@edelson.com
cbooth@edelson.com

/s/ *Michael F. Derksen*
Michael F. Derksen