# GROUP

# EXHIBIT A

ELECTRONICALLY FILED
7/29/2016 3:37 PM
2016-CH-10056
CALENDAR: 07
PAGE 1 of 14
CIRCUIT COURT OF
COOK COUNTY, ILLINOIS
CHANCERY DIVISION
CLERK DOROTHY BROWN

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, CHANCERY DIVISION**

| | |
|---|---|
| BARBARA MOCEK, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>*v.*<br><br>ALLSAINTS USA LIMITED, a foreign business corporation,<br><br>*Defendant.* | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Barbara Mocek ("Mocek" or "Plaintiff") brings this Class Action Complaint and Demand for Jury Trial ("Complaint") against Defendant AllSaints USA Limited ("AllSaints" or "Defendant"), to stop its practice of recklessly disclosing the personal and financial information of consumers and to obtain redress for all persons injured by its conduct. Plaintiff, for her Complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys:

**NATURE OF THE ACTION**

1. AllSaints is an international fashion retailer that generates hundreds of millions of dollars in annual revenues through high-end clothing stores around the world. AllSaints is majority-owned by Lion Capital LLP, a sophisticated international investment partnership with billions of dollars invested in more than 100 consumer brands.

2. Nonetheless, at retail locations across the United States, AllSaints routinely violates longstanding federal law (and its own merchant contracts) by issuing paper receipts for

payment card transactions that needlessly include *ten* digits of each card's account number, twice the maximum allowed by law.

3. Accordingly, AllSaints routinely violates the Fair and Accurate Credit Transactions Act ("FACTA") amendment to the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, as amended (the "FCRA"), which states that "no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction." 15 U.S.C. § 1681c(g).

4. Because AllSaints willfully fails to comply with FACTA's clear truncation mandate, thousands of AllSaints customers have been burdened with a heightened risk of payment card fraud and identify theft.

ELECTRONICALLY FILED
7/29/2016 3:37 PM
2016-CH-10056
PAGE 2 of 14

5. To put a stop to AllSaints's unlawful practices and to seek redress for all those injured by its conduct, Plaintiff brings this Complaint on behalf of herself and a class of all others similarly situated ("the Class," defined below) to seek injunctive relief, statutory damages, costs, and reasonable attorneys' fees.

**PARTIES**

6. Plaintiff Barbara Mocek is a natural person, a citizen of the State of Illinois, and a resident of Cook County, Illinois.

7. Defendant AllSaints USA Limited is a foreign corporation organized and existing under the laws of the United Kingdom with its principal place of business located at Units C15-C17 Jacks Place, 6 Corbet Place, London, E1 6NN, United Kingdom. AllSaints operates over fifty retail locations in the United States, including three in Illinois. AllSaints's primary United States distribution center is located at 880 Remington Boulevard, Bolingbrook, Illinois 60440.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over Defendant pursuant to 735 ILCS 5/2-209(a) because Defendant maintains real property and regularly conducts business within the State of Illinois. Additionally, Plaintiff was harmed while shopping at an AllSaints retail location located within Cook County, Illinois.

9. Venue is proper in Cook County because Defendant maintains real property in Cook County, regularly conducts business in Cook County, and because Plaintiff was harmed in one of Defendant's Cook County retail stores. Venue is also proper because Plaintiff resides in Cook County.

ELECTRONICALLY FILED
7/29/2016 3:37 PM
2016-CH-10056
PAGE 3 of 14

## COMMON FACTUAL ALLEGATIONS

### I. AllSaints Knowingly Discloses Sensitive Payment Card Information in Violation of State Law, Federal Law, Contractual Obligations, and Industry Standards.

10. In this country, there are more credit cards than people. Collectively, consumers use credit, debit, and prepaid cards to make over five *trillion* dollars worth of purchases each year. Payment cards can help consumers save money through reward programs and can keep consumers safer by letting them carry less cash. Payment cards can also empower consumers to shop remotely, whether online or simply over the phone, which makes such cards a virtual necessity for transactions in the digital age. Today, payment cards are easy to get, easy to use, and accepted almost everywhere. They are among the most convenient ways to pay.

11. Unfortunately, this convenience comes with a cost. The enormous transaction volume and the widespread use of payment cards have made them a prime target of thieves and criminals. Entire criminal enterprises are dedicated to acquiring and misusing payment card information. In the United States, payment card fraud and identity theft are estimated to cost

consumers and businesses more than $100 billion per year, an amount that has only grown over the years.

12. To stem the ever-growing tide of payment card fraud, legislatures around the country (and the payment card industry itself) have implemented protections over time.

13. For instance, by the late 1990s, state legislatures around the country started passing laws to put an end to certain high-risk business practices—such as printing too many digits of credit card numbers on receipts—that were contributing to growing problems with payment card fraud and identity theft. With cards used everywhere, it had become far too easy for fraudsters like "dumpster divers" to recover discarded cardholder receipts and use the information on them to commit fraud.

ELECTRONICALLY FILED
7/29/2016 3:37 PM
2016-CH-10056
PAGE 4 of 14

14. Among other things, legislatures began mandating that, at a minimum, the payment card account numbers on receipts be truncated. By limiting the information contained on receipts, criminals would have greater difficultly using receipts as a source of information for fraud. To this end, many states started requiring that all but the last four or five digits of any payment card's primary account number be truncated. For instance, since at least 2005, Illinois has specifically prohibited the printing of "any part of the credit card or debit card account number, other than the last 4 digits or other characters." 815 ILCS 505/2NN.

15. Around the same period of time, the payment card industry itself, seeking to limit security risks (and perhaps anticipating national legislation by Congress), also set its own truncation requirements. By the end of July 2003, all of the big three payment card companies—Visa, MasterCard, and American Express—had imposed restrictions requiring all point of sale terminals to truncate the payment card numbers displayed on consumer receipts.

16. Later that same year, Congress enacted FACTA, which amended the FCRA to include a number of new regulations designed to reduce the risks of identity theft. Among these was a truncation requirement that, on a national level, proscribed merchants from printing expiration dates or anything more than the last five digits of card numbers on consumer receipts. Specifically, FACTA states that:

> "[N]o person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction."

15 U.S.C. § 1681c(g).

ELECTRONICALLY FILED
7/29/2016 3:37 PM
2016-CH-10056
PAGE 5 of 14

17. After its enactment, FACTA provided merchants with three years to comply with its requirements, mandating full compliance no later than December 4, 2006. At the time of FACTA's implementation, and throughout the time since, these truncation requirements were widely publicized among merchants, card issuers, and the FTC.

18. In addition to the truncation laws themselves, all the major payment card brands currently require all merchants—by express contract terms—to truncate payment card numbers on consumer receipts in compliance with FACTA. For example:

- Visa requires merchants to agree that the "Account Number or Token, except for the final 4 digits, must be disguised or suppressed" and the "expiration date must not appear or must be disguised or suppressed" on the "Cardholder's copy of a Transaction Receipt";[1]

- MasterCard requires merchants to agree that "[a] Transaction receipt generated by an electronic POI Terminal, whether attended or unattended, must not include the Card expiration date" and "must reflect only the last four digits of the primary account number";[2] and

---

1 *Visa Core Rules and Visa Product and Service Rules,* VISA, https://usa.visa.com/content/dam/VCOM/download/about-visa/visa-rules-public.pdf at PSR-339, 340.

2 *Transaction Processing Rules,* MasterCard, https://www.mastercard.us/content/dam/mccom/en-us/documents/rules/transaction-processing-rules-june-2016.pdf at 92.

- American Express requires merchants to agree, "[p]ursuant to applicable law," to "truncate the Card Number" and "not print the Card's Expiration Date" on "copies of Credit Records delivered to the Cardmember."[3]

19. In response to these state and federal laws, and in accordance with their own contractual obligations and their general business efforts to reduce exposure to fraud liability, most merchants—including virtually all other sophisticated international retailers—have readily brought their payment card printing processes into compliance with FACTA's truncation requirements and have been operating in compliance with the law for years.

20. Inexplicably, however, AllSaints has not.

ELECTRONICALLY FILED
7/29/2016 3:37 PM
2016-CH-10056
PAGE 6 of 14

## II. AllSaints Prints 10 Account Digits on Receipts.

21. In 2011, Lion Capital LLP and Goode Partners LLP acquired majority ownership of Defendant AllSaints. Without a doubt, Lion Capital and Goode Partners have expertise with operating retail store chains. For instance, in addition to AllSaints, Lion Capital has invested in and helped to establish dozens of other well-known brands, including American Apparel, Jimmy Choo, and John Varvatos.[4]

22. AllSaints itself is a sophisticated international retailer with hundreds of stores around the world. It has been operating since 1994 and currently generates hundreds of millions of dollars in annual revenues. It knows how to enter into and comply with business contracts and it knows how to discover and operate within the bounds of state and federal laws. It opened its first U.S. stores in 2009, six years after the passage of FACTA and three years after FACTA's truncation requirements were already in full effect.

---

[3] *American Express Merchant Operating Guide,* American Express, https://icm.aexp-static.com/Internet/NGMS/US_en/Images/MerchantPolicyOptBlue.pdf at 22.

[4] *Lion Capital Brands,* http://lioncapital.com/brands/#!overview (last visited July 28, 2016).

ELECTRONICALLY FILED
7/29/2016 3:37 PM
2016-CH-10056
PAGE 7 of 14

23. To maximize its ability to sell products and services, AllSaints accepts payment cards from all major card brands at all of its retail locations.[5] Accordingly, it is bound to the same contractual obligations that Visa, MasterCard, and American Express impose on all merchants: it is required to truncate payment card account numbers (all but the last four digits), leave off expiration dates, and otherwise comply with all applicable truncation laws (including FACTA).

24. Yet despite its clear contractual and legal obligations, AllSaints continues to print 10 account number digits—twice what is allowed under FACTA—on the payment card receipts it issues to consumers at its retail stores within the United States.

25. In this respect, AllSaints's conduct is objectively unreasonable. AllSaints's printing of 10 payment card account digits on payment card receipts, despite more than a decade of compliance from virtually all of its peer retailing institutions, reflects an unjustifiably high risk of violating the law that is either known or is so obvious that it should be known.

26. Unfortunately for consumers, AllSaints's knowing and willful disregard of FACTA's truncation requirements exasperates the very risks that FACTA seeks to avoid.

**III. AllSaints Creates the Material Risks that FACTA Seeks to Avoid.**

27. FACTA's truncation requirements were meant to reduce consumer risks of payment card fraud and identity theft, but AllSaints's practices do the opposite by exposing account digits and by empowering criminals to commit effective social-engineering attacks.

**i. AllSaints's method of truncation creates a 100,000-fold increase in the risk that account numbers could be guessed.**

28. Today, most payment card account numbers have 16 digits. In theory, this amounts to more than 10,000 *trillion* different account number possibilities. But FACTA

---

[5] *See* AllSaints, http://www.us.allsaints.com/new-faqs/ ("We currently accept…Visa, Mastercard, American Express, Maestro, Paypal and Amazon Payments.")

requires merchants to conceal at least the first 11 of these digits, a practice that reduces this universe of theoretical possibilities from 10,000 trillion to 10 billion.[6]

29. But instead of concealing 11 digits, AllSaints receipts only conceal 6. This further cuts the universe of theoretical possibilities from 10 billion all the way down to a mere 100,000. It is much, much easier to guess—even if just by brute force—through 100,000 different possibilities than through 10 billion.

30. However, AllSaints's failure to truncate does more than merely cause a 100,000-fold increase in the ease of brute-forcing payment card account numbers. It also exposes its customers to a heightened risk of social engineering attacks by providing enough information for criminals to trick potential victims into divulging sensitive personal and financial data.

ELECTRONICALLY FILED
7/29/2016 3:37 PM
2016-CH-10056
PAGE 8 of 14

**ii. AllSaints also increases the odds of successful social engineering attacks.**

31. Social engineering involves the use of known information to manipulate consumers into divulging private information. For instance, criminals often collect and use specific information in order to masquerade as trustworthy entities (like banks, merchants, or credit card issuers), all to trick consumers into giving up other sensitive personal and financial information.

32. Social engineering is largely an information-dependent form of fraud. The more information that social engineers have, the more effectively they can establish the legitimacy of their impersonations.

33. Here, in addition to revealing the last four digits of each payment card account number on receipts, AllSaints also reveals the first six. These digits constitute the "Issuer

[6] Each revealed account digit reduces the universe of remaining possibilities by a factor of 10, with the exception of the last digit, which represents the output of a checksum algorithm, and which thus reduces the universe of remaining possibilities by a factor of 100. Each AllSaints receipt displays this checksum digit.

Identification Number" ("IIN"), which can be used to uniquely identify both the card brand and the bank or institution that issued the card. Databases associating IINs with card brands and banks are widely and freely available online.

34. Accordingly, a criminal in possession of an AllSaints receipt is not only aware that the receipt associates with a customer of a high-end clothier, but also exactly which bank and card brand that customer uses, as well as the date and amount of that customer's purchases.

35. This information, coupled with the ten digits of that customer's payment card account number and the month of that card's expiration date, could be used to impersonate that customer's bank and potentially to trick that customer out of other sensitive information, including the remaining six digits of the payment card account number.

ELECTRONICALLY FILED
7/29/2016 3:37 PM
2016-CH-10056
PAGE 9 of 14

36. As such, AllSaints's FACTA violations materially contribute to the very risks of fraud and identity theft that FACTA was enacted to prevent.

**FACTS SPECIFIC TO PLAINTIFF MOCEK**

37. On July 1, 2016, Plaintiff used her personal VISA credit card to charge $10.93 for the purchase of a white onyx canvas bag from the AllSaints retail store located in the Chicago Outlet at 5220 Fashion Outlet Way, Suite #2115, Rosemont, Illinois 60018.

38. Upon making her payment, Plaintiff was provided with an electronically printed receipt at the point of sale which, in addition to the last four digits, displayed the first six digits of her credit card account number as well as the month of her expiration date. *See* Figure 1, below.

ALLSAINTS
All Saints Retail Limited
Chicago Outlet
5220 Fashion Outlet Way
Suite # 2115
Rosemont
IL 60018
847-460-0470
www.allsaints.com

VAT Reg. No. 128793

*** CARDHOLDER COPY ***

Date Jul 01 2016 15:46
Till No 002

Visa Card
4 0******8 2
Expiry: 06
SALE

Please debit my account

Amount: $ 10.93
TOTAL: $ 10.93

**(Figure 1.)**[7]

ELECTRONICALLY FILED
7/29/2016 3:37 PM
2016-CH-10056
PAGE 10 of 14

**CLASS ALLEGATIONS**

39. Plaintiff brings this action pursuant to 735 ILCS 5/2-801 on behalf of herself and a class of similarly situated individuals (the "Class") defined as follows:

> All persons in the United States who: (1) used a credit or debit card; (2) to charge a purchase at an AllSaints retail location; and (3) were provided a point of sale receipt that displayed more than the last 5 digits of the card's account number.

The following people are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and its current or former employees, officers, and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel

[7] Some of the digits on this receipt have been redacted for privacy. A full, unredacted copy can be made available to Defendant through discovery.

and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

40. **Numerosity**: The exact number of members within the Class is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, thousands of consumers fall into the definition of the Class. Members of the Class can be identified through Defendant's records.

41. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to, the following:

ELECTRONICALLY FILED
7/29/2016 3:37 PM
2016-CH-10056
PAGE 11 of 14

(a) Whether Defendant and/or its agents provided electronically printed point-of-sale receipts containing more than the last 5 digits of payment card account numbers;

(b) Whether Defendant's conduct created a risk of violating FACTA that was either known or so obvious that it should have been known;

(c) Whether Defendant's conduct violated FACTA; and

(d) Whether Plaintiff and the members of the Class are entitled to statutory damages based on the willfulness of Defendant's conduct.

42. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in complex class actions. Plaintiff has no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff.

43. **Appropriateness:** This class action is appropriate for certification because class

ELECTRONICALLY FILED
7/29/2016 3:37 PM
2016-CH-10056
PAGE 12 of 14

proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy and because joinder of all members of the Class is impracticable. The damages suffered by the individual members of the Class are likely to have been small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's wrongful conduct. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct. Even if members of the Class could sustain such individual litigation, it would not be preferable to a class action because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

**FIRST CAUSE OF ACTION**
**Violation of 15 U.S.C. § 1681c(g)**
**(On behalf of Plaintiff and the Class)**

44. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

45. 15 U.S.C. § 1681c(g) states that "no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction."

46. Defendant is a person that uses devices to electronically print receipts at the point of sale for purchase transactions at its various retail locations.

47. The digits and other information appearing on Defendant's receipts are not printed accidentally. Rather, the equipment and software used to print such receipts must be deliberately programmed to display certain information, and they must likewise be deliberately programmed not to display certain information.

48. Plaintiff and the members of the Class are consumers who used debit or credit cards to make purchases at Defendant's retail locations.

49. As a result of these purchases, Defendant printed receipts at the point of sale that it provided to Plaintiff and the members of the Class.

50. These receipts displayed more than the last 5 digits of the credit and debit card numbers used by Plaintiff and the members of the Class, in violation of 15 U.S.C. § 1681c(g).

51. At all relevant times, Defendant was or should have been aware of 15 U.S.C. §1681c(g) and the need to comply with its mandatory truncation requirements. Indeed, FACTA has been widely known and publicized for years, and Defendant has had many years to comply. Additionally, Defendant was contractually obligated by all major card brands to truncate the number of account digits it displayed on receipts, in compliance with FACTA. Defendant knew or should have known, both by law and by contract, that it cannot provide receipts at the point of sale that display more than the last 5 digits of payment card account numbers.

ELECTRONICALLY FILED
7/29/2016 3:37 PM
2016-CH-10056
PAGE 13 of 14

52. Notwithstanding, Defendant has knowingly, willfully, intentionally, and/or recklessly printed more than the last 5 digits of payment card numbers on point-of-sale receipts, in violation of 15 U.S.C. §1681c(g).

53. As a result of Defendant's violations, Plaintiff and members of the Class continue to be exposed to a materially elevated risk of fraud and identity theft, the very harms that FACTA and the FCRA are meant to address.

54. Accordingly, Defendant is liable to Plaintiff and members of the Class pursuant to 15 U.S.C. § 1681n for statutory damages, punitive damages, costs, and attorneys' fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Barbara Mocek, individually and on behalf of the Class, prays

for the following relief:

A. An order certifying the Class as defined above, appointing Plaintiff Barbara Mocek as representative of the Class, and appointing her counsel as Class Counsel;

B. An order declaring that Defendant's actions violate FACTA and the FCRA;

C. An injunction requiring Defendant to comply with the provisions of FACTA;

D. An order requiring Defendant to permanently cease-and-desist from all unlawful conduct as alleged herein, and otherwise protecting the interests of the Class;

E. An award of actual, statutory, and punitive damages;

F. An award of reasonable attorneys' fees and costs; and

G. Such other and further relief that the Court deems reasonable and just.

ELECTRONICALLY FILED
7/29/2016 3:37 PM
2016-CH-10056
PAGE 14 of 14

**JURY DEMAND**

Plaintiff requests a trial by jury of all claims that can be so tried.

Respectfully submitted,

**BARBARA MOCEK**, individually and on behalf of all others similarly situated,

Dated: July 29, 2016

By: /s/ Benjamin H. Richman
One of Plaintiff's Attorneys

Benjamin H. Richman
brichman@edelson.com
Courtney C. Booth
cbooth@edelson.com
EDELSON PC
350 North LaSalle Street, 13th Floor
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378
Firm ID: 44146

*Attorneys for Plaintiff and the putative Class*

**From:** Benjamin H. Richman [mailto:brichman@edelson.com]
**Sent:** Tuesday, August 23, 2016 12:41 PM
**To:** Mashberg, Gregg M.
**Cc:** cbooth@edelson.com
**Subject:** Re: Mocek v. AllSaints

Gregg:

It was nice speaking with you as well--we're looking forward to working with you on the case. And thanks for confirming your agreement to accept service. To that end, attached is all the necessary paperwork. (If need be, we're happy to send along hard copies, but we'd also be open to an agreement to serve appears electronically in the case going forward. Just let me know what works for you.) Although we agreed on acceptance being effective August 22nd, you'll see that the papers refer to us serving you today, August 23rd--that only gives you one extra day, but I wanted to point it out so we're on the same page in terms of timing.

Thanks again and we'll look forward to hearing from you.

All the best,
Ben

Benjamin H. Richman | Edelson PC
350 North LaSalle Street, 13th Floor
Chicago, Illinois 60654
312.589.6377 (direct) | 312.589.6370 (firm) | 312.589.6378 (fax)
brichman@edelson.com | www.edelson.com
@EdelsonPC | Edelson-PC | EdelsonLaw
Please consider the environment before printing this e-mail.

---

CONFIDENTIALITY AND LIABILITY FOR MISUSE.

The information contained in this communication is the property of Edelson PC. It is confidential, may be attorney work product, attorney-client privileged or otherwise exempt from disclosure under applicable law, and is intended only for the use of the addressee(s). Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited. If you have received this communication in error, please notify Edelson PC immediately by return e-mail and destroy this communication and all copies hereof, including all attachments.

Pursuant to requirements related to practice before the U.S. Internal Revenue Service, any tax advice contained in this communication (including any attachments) is not intended to be used, and cannot be used, for purposes of (i) avoiding penalties imposed under the U.S. Internal Revenue Code or (ii) promoting, marketing or recommending to another person any tax-related matter.

On Tue, Aug 23, 2016 at 9:16 AM, Mashberg, Gregg M. <GMashberg@proskauer.com> wrote:

Ben,

Nice speaking with you and Courtney yesterday.

This is to confirm that I'm authorized to accept service on behalf of AllSaints and we agreed that service is deemed to have been made as of yesterday, August 22, 2016.

As mentioned, I will be back in touch with you soon.

Regards, Gregg

**Gregg M. Mashberg**
Partner

Proskauer
Eleven Times Square
New York, NY 10036-8299
d 212.969.3450/ f 212.969.2900
gmashberg@proskauer.com

**From:** Benjamin H. Richman [mailto:brichman@edelson.com]
**Sent:** Monday, August 22, 2016 12:32 PM
**To:** Mashberg, Gregg M.
**Cc:** cbooth@edelson.com
**Subject:** Re: Mocek v. AllSaints

Gregg:

Sorry we couldn't connect on Friday. Do you have time later today or tomorrow to speak?

Best,

Ben

Benjamin H. Richman | Edelson PC

350 North LaSalle Street, 13th Floor

Chicago, Illinois 60654

312.589.6377 (direct) | 312.589.6370 (firm) | 312.589.6378 (fax)

brichman@edelson.com | www.edelson.com

@EdelsonPC Edelson-PC EdelsonLaw

Please consider the environment before printing this e-mail.

---

CONFIDENTIALITY AND LIABILITY FOR MISUSE.

The information contained in this communication is the property of Edelson PC. It is confidential, may be attorney work product, attorney-client privileged or otherwise exempt from disclosure under applicable law, and is intended only for the use of the addressee(s). Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited. If you have received this communication in error, please notify Edelson PC immediately by return e-mail and destroy this communication and all copies hereof, including all attachments.

Pursuant to requirements related to practice before the U.S. Internal Revenue Service, any tax advice contained in this communication (including any attachments) is not intended to be used, and cannot be used, for purposes of (i) avoiding penalties imposed under the U.S. Internal Revenue Code or (ii) promoting, marketing or recommending to another person any tax-related matter.

On Fri, Aug 19, 2016 at 12:28 PM, Mashberg, Gregg M. <GMashberg@proskauer.com> wrote:

Ben and Courtney,

We represent AllSaints in this matter. I left Courtney a v.m. but wasn't able to locate Ben's extension.

I'd appreciate a call back.

I'm on my mobile today: 914.582.1018.

Thanks, Gregg

**Gregg M. Mashberg**
Partner

Proskauer
Eleven Times Square
New York, NY 10036-8299

d 212.969.3450/ f 212.969.2900
gmashberg@proskauer.com

*************************************************************************************************
*****************************************************************
This message and its attachments are sent from a law firm and may contain information that is confidential and protected by privilege from disclosure.
If you are not the intended recipient, you are prohibited from printing, copying, forwarding or saving them.
Please delete the message and attachments without printing, copying, forwarding or saving them, and notify the sender immediately.
*************************************************************************************************
*****************************************************************

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

BARBARA MOCEK

v.

ALLSAINTS USA LIMITED

No. 2016-CH-10056

Defendant Address:
ALLSAINTS USA LIMITED
R/A CHUNG T CAM
750 NORTH SAN VICENTE BOULEVARD
SUITE 1050 EAST
WEST HOLLYWOOD, CA 90069

☑ **SUMMONS** ☐ **ALIAS - SUMMONS**

To each defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room 802 ,Chicago, Illinois 60602

| | | |
|---|---|---|
| ☐ District 2 - Skokie<br>5600 Old Orchard Rd.<br>Skokie, IL 60077 | ☐ District 3 - Rolling Meadows<br>2121 Euclid 1500<br>Rolling Meadows, IL 60008 | ☐ District 4 - Maywood<br>Maybrook Ave.<br>Maywood, IL 60153 |
| ☐ District 5 - Bridgeview<br>10220 S. 76th Ave.<br>Bridgeview, IL 60455 | ☐ District 6 - Markham<br>16501 S. Kedzie Pkwy.<br>Markham, IL 60428 | ☐ Richard J. Daley Center<br>50 W. Washington, LL-01<br>Chicago, IL 60602 |

You must file within 30 days after service of this Summons, not counting the day of service.

IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.

☐ Atty. No.: 44146

Name: KAMBER EDELSON LLC

Atty. for: BARBARA MOCEK

Address: 350 N LASALLE 1300

City/State/Zip Code: CHICAGO, IL 60654

Telephone: (312) 589-6370

Primary Email Address: brichman@edelson.com

Secondary Email Address(es):

Witness: Friday, 29 July 2016

DOROTHY BROWN, Clerk of Court

CIRCUIT COURT COOK COUNTY ILLINOIS

Date of Service:

(To be inserted by officer on copy left with Defendant or other person)

**Service by Facsimile Transmission will be accepted at:

(Area Code) (Facsimile Telephone Number)

IN THE CIRCUIT CIVIL COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, COUNTY DIVISION

BARBARA MOCEK
Plantiff
v.
ALLSAINTS USA LIMITED
Defendant

No.

ELECTRONICALLY FILED
7/29/2016 3:37 PM
2016-CH-10056
CALENDAR: 07
CIRCUIT COURT OF
COOK COUNTY, ILLINOIS
CHANCERY DIVISION
CLERK DOROTHY BROWN

## CHANCERY DIVISION CIVIL COVER SHEET
## GENERAL CHANCERY SECTION

A Chancery Division Civil Cover Sheet - General Chancery Section shall be filed with the initial complaint in all actions filed in the General Chancery Section of Chancery Division. The information contained herein is for administrative purposes only. Please check the line in front of the appropriate category which best characterizes your action being filed.

0005 ☐ Administrative Review
0001 ☑ Class Action
0002 ☐ Declaratory Judgment
0004 ☐ Injunction

0007 ☐ General Chancery
0010 ☐ Accounting
0011 ☐ Arbitration
0012 ☐ Certiorari
0013 ☐ Dissolution of Corporation
0014 ☐ Dissolution of Partnership
0015 ☐ Equitable Lien
0016 ☐ Interpleader
0017 ☐ Mandamus
0018 ☐ Ne Exeat

0019 ☐ Partition
0020 ☐ Quiet Title
0021 ☐ Quo Warranto
0022 ☐ Redemption Rights
0023 ☐ Reformation of a Contract
0024 ☐ Rescission of a Contract
0025 ☐ Specific Performance
0026 ☐ Trust Construction
0027 ☐ Foreign Transcript
0085 ☐ Petition to Register Foreign Judgment
☐ Other (specify) ____________

By: /s BENJAMIN HARRIS RICHMAN
Attorney Pro Se

Atty. No.: 44146
Name: KAMBER EDELSON LLC
Atty. for: BARBARA MOCEK
Address: 350 N LASALLE 1300
City/State/Zip: CHICAGO, IL 60654
Telephone: (312) 589-6370

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, CHANCERY DIVISION**

BARBARA MOCEK, individually and on behalf of all others similarly situated,

*Plaintiff*,

*v.*

ALLSAINTS USA LIMITED, a foreign business corporation,

*Defendant*.

Case No. 2016-CH-10056

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT**

To: AllSaints USA Limited,
c/o Gregg M. Mashberg
gmashberg@proskauer.com
Proskauer Rose LLP
Eleven Times Square
New York, New York 10036-8229

The enclosed summons and complaint are served pursuant to Section 2-213 of the Illinois Code of Civil Procedure. You must complete the acknowledgment portion of this form and return one copy of the completed form to the sender within 30 days.

You must sign and date the acknowledgment. If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate under your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority.

If you do not complete and return the form to the sender within 30 days, you (or the party on whose behalf you are being served) may be served a summons and complaint in any other manner permitted by law.

If you do complete and return this form, you (or the party on whose behalf you are being served) must answer the complaint within 60 days. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**BARBARA MOCEK**, individually and on behalf of all others similarly situated,

Dated: August 23, 2016

By: /s/ Benjamin H. Richman
One of Plaintiff's Attorneys

Benjamin H. Richman
brichman@edelson.com
Courtney C. Booth
cbooth@edelson.com
EDELSON PC
350 North LaSalle Street, 13th Floor
Chicago, Illinois 60654
Tel: 312.589.6370
Firm ID: 44146

*Attorneys for Plaintiff and the Putative Class*

## CERTIFICATE OF SERVICE

I, Benjamin H. Richman, declare under penalty of perjury that this notice and acknowledgement of receipt of summons and complaint will have been electronically mailed to the person(s) shown above on August 23, 2016.

/s/ Benjamin H. Richman

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, CHANCERY DIVISION**

BARBARA MOCEK, individually and on behalf of all others similarly situated,

*Plaintiff,*

*v.*

ALLSAINTS USA LIMITED, a foreign business corporation,

*Defendant.*

Case No. 2016-CH-10056

**ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT**

I declare, under penalty of perjury, that I received a copy of the summons and the complaint in the above-captioned matter via electronic mail. I further declare that receipt of a hard copy of the complaint is hereby waived and that no further service is necessary to effectuate valid service.

Michael F. Derksen
Print or Type Name

Attorney
Relationship to Entity/Authority to Receive Service of Process (Not Applicable if you are the named Defendant or Respondent)

[signature]
Signature

8/30/16
Date of Signature