## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| BARBARA MOCEK, individually and on behalf of all others similarly situated, *Plaintiff*, *v.* ALLSAINTS USA LIMITED, a foreign business corporation, *Defendant*. | Case No. 16-cv-8484 <br><br> Hon. Elaine E. Bucklo |

## MEMORANDUM OF LAW IN SUPPORT OF
## PLAINTIFF'S MOTION FOR REMAND TO STATE COURT

Plaintiff Barbara Mocek originally filed this case in the Circuit Court of Cook County. Defendant AllSaints USA Limited ("AllSaints") removed it to this Court. But despite affirmatively invoking this Court's federal jurisdiction by removing the case, AllSaints subsequently moved to dismiss under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. As the removing party, AllSaints has the burden of establishing that this case could have originally been brought in this Court. By now asserting that the Court lacks jurisdiction, not only has AllSaints failed to meet that burden, it has completely abdicated it. Consequently, and as explained more fully below, this matter should be remanded to the Illinois state court in which it was originally filed, and AllSaints's motion to dismiss should be denied as moot. In addition, in light of its position that this Court lacks jurisdiction, AllSaints had no reasonable basis for removing this case and, by doing so, unnecessarily multiplied the proceedings. Ms. Mocek should therefore be awarded the attorneys' fees she incurred as a result of the improper removal.[1]

## I.     THIS CASE SHOULD BE REMANDED TO STATE COURT.

Ms. Mocek filed a one-count class action complaint against AllSaints in Illinois state court under the Fair and Accurate Credit Transactions Act ("FACTA"), 15 U.S.C. § 1681c(g). She alleges that AllSaints failed to truncate its customers' credit card numbers printed on receipts as required by the statute to combat the risk of identity theft. Although FACTA is a federal statute, Ms. Mocek chose to file in state court. *See Tafflin v. Levitt*, 493 U.S. 455, 458-59 (1990) ("[S]tate courts have inherent authority, and are thus presumptively competent, to adjudicate

---

[1]     Pursuant to this Court's standing order, moving counsel attempted to determine whether there was an objection to this motion by informing counsel for AllSaints on Friday, October 7th of plaintiff's intent to file the motion and the nature of the relief sought. A conference call was scheduled for Monday, October 10th, during which counsel for AllSaints disputed that Ms. Mocek is entitled to the relief she seeks in the motion. Nevertheless, the call ended with counsel for AllSaints stating that they were not expressing a position on the motion and that they needed to speak to their client.

1

claims arising under the laws of the United States."). One reason Ms. Mocek chose a state forum

was the lack of uniformity in Article III standing jurisprudence in the wake of the Supreme

Court's recent decision in *Spokeo, Inc. v. Robins*, — U.S. —, 136 S. Ct. 1540 (2016). As the

Seventh Circuit has noted, "[t]he question as to whether the injuries sustained in FACTA cases

[that allege failure to truncate credit card numbers on receipts] are concrete enough to satisfy the

[Article III injury in fact] standard in *Spokeo* is still unresolved." *Meyers v. Oneida Tribe of

Indians of Wisc.*, — F.3d —, 2016 WL 4698949, at *3 (7th Cir. Sept. 8, 2016) (collecting cases).

AllSaints filed a notice of removal, invoking this Court's federal question and CAFA

jurisdiction. (Dkt. 1.) "Under the general removal statute, a defendant may remove a state-court

action to federal court … if the action originally could have been brought in federal court."

*Goldstein v. W.L. Gore & Assocs., Inc.*, 887 F. Supp. 168, 170 (N.D. Ill. 1995) (Bucklo, J.)

(citing 28 U.S.C. § 1441). Shortly after removing it, however, AllSaints moved to dismiss the

case, asserting, among other things, that Ms. Mocek lacks Article III standing and, as a result,

that the Court lacks subject matter jurisdiction. (Dkt. 14.)

This Court has previously described a defendant's motion to dismiss for lack of

jurisdiction after removing a case to federal court as "somewhat confused." *Cont'l Cas. Co. v. S.

Co.*, 284 F. Supp. 2d 1118, 1120 (N.D. Ill. 2003) (Bucklo, J.). Another court has called such a

motion "[p]erplexing[]." *Macon Cnty., Ill. v. Merscorp, Inc.*, 968 F. Supp. 2d 959, 964 (C.D. Ill.

2013), *aff'd*, 742 F.3d 711 (7th Cir. 2014). As this Court explained:

> [Defendant] cannot have it both ways. Either I have subject matter jurisdiction
> and the case was properly removed, or I do not have subject matter jurisdiction
> and the case must be remanded to state court. I may not dismiss this case for lack
> of subject matter jurisdiction.

*Cont'l Cas. Co.*, 284 F. Supp. 2d at 1120-21.

A plaintiff's choice to litigate in state court is entitled to respect, and there is "a strong presumption in favor of remand." *Schulke v. Orthopaedics*, No. 16 C 2563, 2016 WL 3059114, at \*1 (N.D. Ill. May 31, 2016) (Durkin, J.); *see also Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993) ("Courts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum."); *Morris v. Nuzzo*, 718 F.3d 660, 668 (7th Cir. 2013) ("[D]oubts regarding removal are resolved in favor of the plaintiff's choice of forum in state court."). As the removing party, AllSaints bears the burden of establishing this Court's jurisdiction. *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009); *Goldstein*, 887 F. Supp. at 170. This includes Article III standing. *Macon Cnty.*, 968 F. Supp. 2d at 964; *Envtl. Research Ctr. v. Heartland Prods.*, 29 F. Supp. 3d 1281, 1283 (C.D. Cal. 2014). AllSaints has completely failed to meet this burden; indeed, it has taken the exact *opposite* position by asserting in its motion to dismiss that Article III standing—and thus federal jurisdiction—is lacking. And when a removing party fails to meet its burden, the case "shall be remanded" back to state court. 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *see also Midland Mgmt. Co. v. Am. Alt. Ins. Corp.*, 132 F. Supp. 3d 1014, 1017-18 (N.D. Ill. 2015) (Chang, J.) ("Failure to meet this burden results in remand of the removed case.").

## II.   ALLSAINTS'S MOTION TO DISMISS SHOULD BE DENIED AS MOOT.

Concurrently with remanding this case back to state court, the Court should deny AllSaints's motion to dismiss as moot. With respect to its argument that this case should be dismissed under Fed. R. Civ. P. 12(b)(1) for lack of standing, remand, rather than dismissal, is the only proper course of action. *Cont'l Cas. Co.*, 284 F. Supp. 2d at 1120 ("The proper remedy for lack of subject matter jurisdiction in a case removed from state court is not dismissal, … it is

remand.") (citing 28 U.S.C. § 1447(c)).[2] And while AllSaints also moved to dismiss under Fed.

R. Civ. P. 12(b)(6) for failure to state a claim, this Court cannot issue a ruling on the merits given

that removal was improper because of AllSaints's failure to establish federal jurisdiction. *See*

*Withrow v. Elk Grove Police Dep't Chief Charles Walsh*, No. 15-cv-2222, 2015 WL 9259884, at

*2 (N.D. Ill. Dec. 18, 2015) (Dow, J.) ("Defendant raises three separate grounds upon which he

believes the Court should dismiss Plaintiff's complaint, but the Court cannot rule on those

grounds if the Court determines that removal was improper based on lack of subject matter

jurisdiction.").

AllSaints may argue that—despite § 1447(c)'s mandatory "shall be remanded"

language—dismissal, rather than remand, is nevertheless appropriate under a so-called "futility

exception." *See* 14C Charles A. Wright *et al.*, Federal Practice & Procedure § 3739 (4th ed.).

This "exception" purportedly "allows a district court to dismiss an action rather than remand it to

the state court when remand would be futile because the state court also would lack jurisdiction

over the matter." *Id.* (internal quotations omitted). Any such argument by AllSaints, however,

would itself be futile, because both the Supreme Court and the Seventh Circuit have expressly

rejected any futility exception to § 1447(c). *See Smith v. Wis. Dep't of Agric., Trade &

Consumer Prot.*, 23 F.3d 1134, 1139 (7th Cir. 1994) ("[T]he Supreme Court has squarely

rejected the argument that there is an implicit 'futility exception' hidden behind the plain

meaning of § 1447(c).") (citing *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500

U.S. 72 (1991)).[3]

---

[2]　AllSaints's misunderstanding of procedure is further illustrated by their seeking dismissal
*with prejudice*. (Dkt. 14 at 15.) *See Frederiksen v. City of Lockport*, 384 F.3d 437, 438 (7th Cir.
2004) ("'No jurisdiction' and 'with prejudice' are mutually exclusive.").

[3]　Regardless, even if there were such an exception, this Court could not rule that the Cook
County Circuit Court lacks jurisdiction over this case. Illinois courts are "not required to follow

### III.    PLAINTIFF SHOULD BE AWARDED HER FEES INCURRED AS A RESULT OF THE IMPROPER REMOVAL.

As noted above, this Court has charitably described moving to dismiss for lack of subject matter jurisdiction a case that the moving party removed to federal court as "somewhat confused." *Cont'l Cas. Co.*, 284 F. Supp. 2d at 1120. In truth, however, such conduct is outrageous. AllSaints invoked this Court's federal jurisdiction by removing this case from state court, and then immediately disavowed that jurisdiction in its motion to dismiss. AllSaints is simultaneously taking two diametrically opposed positions and has no good faith basis for doing so. Nothing occurred in the month between its filing of the notice of removal and its filing of the motion to dismiss that could justify such a radical change in position. And, indeed, prior to filing its notice of removal, counsel for AllSaints discussed with plaintiff's counsel AllSaints's intention to remove to federal court and then seek dismissal for lack of federal jurisdiction. (Richman Decl. ¶ 4.)[4] Plaintiff's counsel repeatedly asked counsel for AllSaints what it hoped to achieve through this course of conduct (given that remand is the only remedy for lack of jurisdiction over a removed case), and warned it that proceeding with its plan would be improper. (*Id.* ¶¶ 4-5.)  AllSaints nevertheless pressed ahead, wasting valuable time and resources of both the parties and this Court, all to get this case back to exactly where it started. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140 (2005) ("The process of removing a

---

federal law on issues of standing, and [the Illinois Supreme Court] has expressly rejected federal principles of standing." *Lebron v. Gottlieb Mem'l Hosp.*, 930 N.E.2d 895, 917 n.4 (Ill. 2010). Illinois has its own common law standards for determining issues of justiciability such as standing, *see People v. $1,124,905 of U.S.Currency & One 1988 Chevrolet Astro Van*, 685 N.E.2d 1370, 1377 (Ill. 1997), and thus, whether Ms. Mocek has standing to proceed with her claim in the Illinois courts is not a proper determination for this Court to make. *See Smith*, 23 F.3d at 1139 ("[W]hether a Wisconsin court would entertain [plaintiff's] suit against [defendant] turns on a question of Wisconsin law, and we decline to speculate on the proper result.") (internal quotations and alterations omitted).

[4]      The declaration of Benjamin H. Richman ("Richman Decl.") is attached hereto as Exhibit 1.

case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources."). Ms. Mocek had hoped to avoid a costly and time-consuming fight over federal jurisdiction by simply filing in state court to begin with. AllSaints's insistence on removing this case caused expense and delay, all of it unnecessary given that AllSaints doesn't want this case in federal court either.

Under § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." A court's decision on fees and costs should be "faithful to the purposes of awarding fees under § 1447(c)," which include "reduc[ing] the attractiveness of removal as a method for delaying litigation and imposing costs on the plaintiff." *Martin*, 546 U.S. at 140-41 (internal quotations omitted). And while "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal," *id.* at 141, AllSaints's removal of this case was not objectively reasonable in light of its complete disavowal of federal jurisdiction.

Alternatively, to the extent removal was objectively reasonable because federal question and CAFA jurisdiction exist over Ms. Mocek's FACTA claim and there is a colorable argument that she has Article III standing, AllSaints's invoking this Court's federal jurisdiction by removing this case from state court, all the while intending to seek dismissal for lack of jurisdiction, constitutes "unusual circumstances" warranting an award of fees under § 1447(c) and *Martin. See Garbie v. DaimlerChrysler Corp.*, 211 F.3d 407, 411 (7th Cir. 2000) ("Nothing in the district court's approach smacks of an abuse of discretion; to the contrary the judge would have abused his discretion had he denied the plaintiffs' request for fees [under § 1447(c)], because [defendant] has behaved absurdly."). To be clear, though, "bad faith is not required to

6

obtain fees and costs under this statute because it is not a sanction, although an opponent's bad faith may strengthen the argument for costs." *Janis v. Workhorse Custom Chassis, LLC*, 891 F. Supp. 2d 970, 976 (N.D. Ill. 2012) (Bucklo, J.).

Either way, awarding Ms. Mocek her fees related to the removal is appropriate here. As the Seventh Circuit has explained: "Improper removal prolongs litigation (and jacks up fees). Under the American Rule parties bear their expenses in one court system, but when their adversary wrongfully drags them into a second judicial system, the loser must expect to cover the incremental costs." *Wisc. v. Hotline Indus., Inc.*, 236 F.3d 363, 367-68 (7th Cir. 2000). Consequently, numerous courts in this District—including this Court—have awarded fees and costs under § 1447(c) for improper removal. *See, e.g, Janis*, 891 F. Supp. 2d at 975-76 (awarding fees and costs where "[Defendant] has the burden of showing removability, and has failed to meet that burden"); *TCF Nat'l Bank v. W & A Bldg., LLC*, No. 10-cv-3096, 2010 WL 4791454, at *3-4 (N.D. Ill. Nov. 17, 2010) (Dow, J.) (awarding fees and costs where "it was Defendant's burden to affirmatively demonstrate why jurisdiction is present in federal court, and Defendant never satisfactorily carried that burden"); *F.H. Paschen, SN Nielsen & Assoc. v. Gillen*, No. 12 C 179, at *4 (N.D. Ill. Jan. 17, 2012) (St. Eve, J.) (awarding fees where "Defendant's baseless removal of this action has resulted in a waste of time and … a waste of judicial resources"); *DC Liquidators, LLC v. Warehouse Equip. Specialists, LLC*, No. 14 C 7222, 2015 WL 1502945 (N.D. Ill. Mar. 27, 2015) (Kennelly, J.) (awarding $11,596.39 in fees and costs under § 1447(c)).

Furthermore, this unnecessary detour to federal court, which unreasonably and vexatiously multiplied the proceedings in this case, was presumably designed—and at the very least facilitated—by AllSaints's counsel, thus warranting the recovery of Ms. Mocek's fees from defense counsel as well. 28 U.S.C. § 1927 ("Any attorney … who so multiplies the proceedings

7

in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."); *see also Doe ex rel. Hughes v. Martinez*, 674 F. Supp. 2d 1282 (D.N.M. 2009) (awarding fees and costs under § 1927 against removing attorney where he was informed by opposing counsel prior to removal that proposed course of action was improper).

Thus far, Ms. Mocek has incurred $23,848.50 in attorneys' fees (and such fees continue to accrue) as a result of AllSaints's improper removal of this case. (Richman Decl. ¶¶ 6-9.) Sections 1447(c) and 1927 both provide for the recovery of attorneys' fees resulting from AllSaints's and its counsel's jurisdictional shell game, and this Court should not hesitate to award such relief to Ms. Mocek.

## IV.     CONCLUSION.

For the reasons discussed above, this Court should enter an order (1) remanding this case to the Circuit Court of Cook County, Illinois; (2) denying defendant's Motion to Dismiss as moot; (3) awarding plaintiff the fees incurred as a result of defendant's and its counsel's improper removal; and (4) granting such further relief as this Court deems just and proper.

Respectfully submitted,

**BARBARA MOCEK**, individually and on behalf of all others similarly situated,

Dated: October 10, 2016
By: /s/ Roger Perlstadt
One of Plaintiff's attorneys

Benjamin H. Richman
brichman@edelson.com
Roger Perlstadt
rperlstadt@edelson.com
Courtney C. Booth
cbooth@edelson.com
Edelson PC
350 North LaSalle Street, 13th Floor

8

Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

9

## CERTIFICATE OF SERVICE

       I, Roger Perlstadt, an attorney, hereby certify that on October 10, 2016, I caused to be served the above and foregoing ***Memorandum of Law in Support of Plaintiff's Motion for Remand to State Court*** by causing a true and accurate copy of such paper to be filed and served on all counsel of record via the court's CM/ECF electronic filing system.

/s/ Roger Perlstadt           