IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BARBARA MOCEK, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>ALLSAINTS USA LIMITED, a foreign business corporation,<br><br>*Defendant*. | Case No. 16-cv-8484<br><br>Hon. Elaine E. Bucklo |

**DECLARATION OF BENJAMIN H. RICHMAN**

I, Benjamin H. Richman, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1. I am an attorney admitted to practice in the Northern District of Illinois. I am entering this declaration in support of Plaintiff's Motion for Remand to State Court. This declaration is based upon my personal knowledge, except where expressly noted otherwise. If called upon to testify as to the matters stated herein, I could and would competently do so.

2. I am Managing Partner of the Chicago office of Edelson PC, which has been retained to represent the named plaintiff in this matter, Barbara Mocek.

3. On July 29, 2016, my firm filed a lawsuit on behalf of Ms. Mocek against Defendant AllSaints USA Limited ("AllSaints") in the Circuit Court of Cook County, Illinois. The complaint was served on AllSaints on August 23, 2016.

4. On August 30, 2016, while the case was pending in the Circuit Court of Cook County, I spoke with Gregg M. Mashberg and Michael F. Derksen of Proskauer Rose LLP ("Proskauer"), counsel for AllSaints, over the phone. During the call, they informed me that they intended to remove the matter to federal court and then move to dismiss, *inter alia*, for lack of

Article III standing. During the discussion, I asked what they believed would be the procedural ramifications of the federal court accepting their position that Ms. Mocek lacked Article III standing, and subsequently explained that even if a court accepted their position, the case would then simply have to proceed in state court, where it was originally filed. I further explained that the standing requirements in Illinois state courts are significantly different than those in federal court. Notwithstanding, Mr. Mashberg and Mr. Derksen expressed their belief that under the circumstances, a federal court could dismiss the case with prejudice rather than remand it to state court.

      5.      Later that day, Proskauer, on behalf of AllSaints, removed the case to federal court. (*See* Dkt. 1.) Following the removal, Mr. Derksen confirmed that Proskauer still intended to file a motion to dismiss before this Court. While I agreed to a briefing schedule proposed by Proskauer, I reiterated plaintiff's position that AllSaints could not, in good faith, remove a case to federal court and then seek dismissal for lack of federal jurisdiction. In response, Proskauer deemed my position "extreme" (*see* Sep. 22 Email from G. Mashberg to B. Richman), and claimed that "[u]nless/until there's been a ruling by the Court that there is no standing in federal court, [they] have every right to be there[.]" (Sep. 23 Email from G. Mashberg to B. Richman.) A copy of my email exchange with Mr. Derksen and Mr. Mashberg is attached hereto as Exhibit 1-A. Proskauer thereafter filed its motion to dismiss. (Dkts. 13, 14.)

      6.      As a direct result of AllSaints's and Proskauer's removal of the case to this Court, I and another attorney at my firm, Roger Perlstadt, have collectively spent more than 40 hours on these issues, for a total amount of $23,848.50 in attorney-time. The hours we have worked, as well as our years of experience and hourly rates, are summarized below:

| Name | Years Experience | Hours Worked | Hourly Rates | Total |
|---|---|---|---|---|
| Richman, Benjamin (Managing Partner, Chicago Office) | 7 | 6.5 | $525 | $3,412.50 |
| Perlstadt, Roger (Partner) | 13 | 34.06 | $600 | $20,436.00 |
| Total | | 40.56 | | $23,848.50 |

7. In my opinion, this expenditure of time was reasonable. Mr. Perlstadt and I each made a conscious effort to avoid duplication of work. In fact, while other attorneys have incurred billable time as a result of this issue, their hours are not included in our calculation nor are we seeking reimbursement for their time spent on these issues. Additionally, because we represent Ms. Mocek on a contingency basis and are not being paid by the hour in this matter, we have every incentive to conduct our efforts efficiently.

8. It is the firm policy of Edelson PC that each attorney is responsible for keeping track of his or her billable time by *at least* the tenth of the hour. Those billing records are centralized in a billing management software program known as "FreshBooks." Attached as Exhibit 1-B to this Declaration is a true and accurate copy of the unadjusted billing records generated by Freshbooks for the time Mr. Perlstadt and I spent on this matter related to the removal of this case to federal court.

9. In addition to the work already performed, I expect that Mr. Perlstadt, other attorneys at my firm, and/or I will spend additional time on this matter as a result of AllSaints's and Proskauer's removal of the case to federal court, including, but not limited to, appearance in court on presentment of the Motion for Remand and possible additional briefing in this Court.

.
.

4

I declare under penalty of perjury that the above and foregoing is true and accurate. Executed on this 10th day of October 2016 at Chicago, Illinois.

/s/ Benjamin H. Richman
Benjamin H. Richman

# Exhibit 1-A



Courtney Booth <cbooth@edelson.com>

## Mocek v. AllSaints - Draft Motion re: Briefing Schedule

**Mashberg, Gregg M.** <GMashberg@proskauer.com>  Tue, Sep 27, 2016 at 5:10 PM
To: Ben Richman <brichman@edelson.com>
Cc: "cbooth@edelson.com" <cbooth@edelson.com>, "Derksen, Michael F." <mderksen@proskauer.com>

Ben,

Sorry that I've been completely out of pocket for the last couple days.

If you're around Wednesday afternoon and would like to chat a bit, I'm pretty available.  Let me know.

Regards, Gregg

**Gregg M. Mashberg**
Partner

Proskauer
Eleven Times Square
New York, NY 10036-8299
d 212.969.3450/ f  212.969.2900
gmashberg@proskauer.com

---

**From:** Ben Richman [mailto:brichman@edelson.com]
**Sent:** Sunday, September 25, 2016 9:52 PM
**To:** Mashberg, Gregg M.
**Cc:** cbooth@edelson.com; Derksen, Michael F.
**Subject:** Re: Mocek v. AllSaints - Draft Motion re: Briefing Schedule

Thanks, Gregg. I appreciate the response and am glad to accept responsibility for the misinterpretation. I'm also happy to talk, but tomorrow afternoon may be bit difficult—I've got some last minute travel that just came up. I may be available after about 5 ET though. But if that doesn't work, I can make time Tuesday much more easily. Just let me know what works for you.

In the meantime, enjoy the rest of the weekend.

Best,

Ben


Benjamin H. Richman

Edelson PC

350 N LaSalle St Ste 1300

Chicago, IL 60654

m: 312.589.6370

d: 312.589.6377

f: 312.589.6378

brichman@edelson.com

www.edelson.com

@EdelsonPC     Edelson-PC     EdelsonLaw

Sent from my iPhone

On Sep 25, 2016, at 3:33 PM, Mashberg, Gregg M. <GMashberg@proskauer.com> wrote:

> Ben,
>
> I'm happy to speak in real time, but I want to make two brief points:
>
> First, I never used the word "unprofessional." I said I hoped that we can "continue to agree to disagree on an amicable and professional basis." I meant that as a positive statement. You misread my email; indeed, "lost in translation."
>
> Second, I don't see why you're making references to Rule 11. If, as appears to be the case, you believe your client has Article III standing, I don't understand why you're so focused on the remand issue. There are some interesting implications of our respective positions, but Rule 11 certainly isn't one of them.
>
> I'm around Monday afternoon for a call. Let me know your availability.
>
> Regards, Gregg
>
> **Gregg M. Mashberg**
> Partner
>
> **Proskauer**
> Eleven Times Square
> New York, NY 10036-8299

d 212.969.3450/ f 212.969.2900

gmashberg@proskauer.com

**From:** Benjamin H. Richman [mailto:brichman@edelson.com]
**Sent:** Friday, September 23, 2016 1:20 PM
**To:** Mashberg, Gregg M.
**Cc:** cbooth@edelson.com; Derksen, Michael F.; Ryan Andrews
**Subject:** Re: Mocek v. AllSaints - Draft Motion re: Briefing Schedule

Gregg:

I don't know what it means to litigate a case via e-mail, but yours definitely aren't helping the relational dynamics between us. You e-mailed me and asked what our position was, so I responded. We certainly didn't need that or any follow up, let alone you explaining what the cases say (we've read them) or you taking silly shots at us for supposedly being unfriendly or unprofessional. In fact, we've been just the opposite.

Aside from the basic courtesies we've extended and my offer to sit down with you to explain our views of the case (which you haven't taken us up on), I'm sure you recall that I raised these issues when you first suggested you would remove and argue lack of standing. I don't think you can seriously contend that I was unprofessional during that call. Similarly, during the subsequent call I had with Michael, I pointed out our view that you can't make those arguments consistent with Rule 11. As I explained to him, the point was not to threaten, but instead, to raise the issues in hopes of avoiding us getting off on the wrong foot or either side having to incur needless time and expense if you proceeded with the arguments you're making now. I doubt he would suggest I was anything but courteous and professional then too.

In other words, just because we've expressed our view that you can't make these arguments consistent with the law or the Federal Rules doesn't mean that we're being unprofessional. For now, my suggestion is that we'll chalk those sorts of accusations up to something being lost in translation. I hope it'll end there. Beyond that, you know our position and we'll look forward to seeing yours next week. If there's anything else you want to discuss in the meantime, I suggest you just pick up the phone and give me a call.

Have a good weekend.

Best,

Ben

**Benjamin H. Richman | Edelson PC**

350 North LaSalle Street, 13th Floor

Chicago, Illinois 60654

312.589.6377 (direct) | 312.589.6370 (firm) | 312.589.6378 (fax)

brichman@edelson.com | www.edelson.com

 

@EdelsonPC   Edelson-PC   EdelsonLaw

♻ Please consider the environment before printing this e-mail.

_____

**CONFIDENTIALITY AND LIABILITY FOR MISUSE.**

The information contained in this communication is the property of Edelson PC. It is confidential, may be attorney work product, attorney-client privileged or otherwise exempt from disclosure under applicable law, and is intended only for the use of the addressee(s). Unauthorized use, disclosure or copying of this communication or any part thereof is strictly proh bited. If you have received this communication in error, please notify Edelson PC immediately by return e-mail and destroy this communication and all copies hereof, including all attachments.

Pursuant to requirements related to practice before the U.S. Internal Revenue Service, any tax advice contained in this communication (including any attachments) is not intended to be used, and cannot be used, for purposes of (i) avoiding penalties imposed under the U.S. Internal Revenue Code or (ii) promoting, marketing or recommending to another person any tax-related matter.

On Fri, Sep 23, 2016 at 8:31 AM, Mashberg, Gregg M. <GMashberg@proskauer.com> wrote:

Ben-

Although we really don't intend to litigate this case via email, let me make a couple of comments.

Unless/until there's been a ruling by the Court that there is no standing in federal court, we have every right to be there – not only to contest Article III standing but to argue that there are no plausible allegations of willfulness. Are you suggesting that it would be improper for us to challenge willfulness, particularly since you appear ready (based on your last email) to argue that your client does indeed have standing to sue under Article III?

As for the two cases you've provided, the *Ohio State* case is neither binding in this District nor does it discuss Rule 11 or any other sanction. The other case, the 1989 Supreme Court ruling in *Kadish*, stated that generally, "the constraints of Article III do not apply to state courts," an unremarkable proposition in our jurisprudence. While we are cognizant of the law in this Circuit regarding futility, we believe the futility doctrine would apply here. Regardless, *Kadish* likewise makes no mention of Rule 11.

At bottom, while we understand our differences of opinion on the legal issues, we do not see a basis for you to raise any issue of sanctions. We hope that we can continue to agree to disagree on an amicable and professional basis.

Regards, Gregg

**Gregg M. Mashberg**
Partner

**Proskauer**
Eleven Times Square
New York, NY 10036-8299

d 212.969.3450/ f 212.969.2900

gmashberg@proskauer.com

**From:** Benjamin H. Richman [mailto:brichman@edelson.com]
**Sent:** Thursday, September 22, 2016 12:23 PM
**To:** Mashberg, Gregg M.
**Cc:** cbooth@edelson.com; Derksen, Michael F.; Ryan Andrews

**Subject:** Re: Mocek v. AllSaints - Draft Motion re: Briefing Schedule

Morning Greg:

That's your position, at least as you've explained it. Our point is that if the Court agrees with you, the only outcome is for the case to be remanded to Cook County. We've provided you case law to that effect. We haven't, however, gotten anything from you supporting your stated-position that the federal court can simply dismiss with prejudice and the case would be over altogether, in any forum. If you have some, we'd welcome the opportunity to review it.

Given your position that there is no standing to proceed in federal court, you could not have (consistent with your Rule 11 obligations) removed the case from state court in the first instance.

Best,

Ben

Benjamin H. Richman | Edelson PC

350 North LaSalle Street, 13th Floor

Chicago, Illinois 60654

312.589.6377 (direct) | 312.589.6370 (firm) | 312.589.6378 (fax)

brichman@edelson.com | www.edelson.com

 @EdelsonPC     Edelson-PC     EdelsonLaw

♻ Please consider the environment before printing this e-mail.

───────────────────────────────────────────

CONFIDENTIALITY AND LIABILITY FOR MISUSE.

The information contained in this communication is the property of Edelson PC.  It is confidential, may be attorney work product, attorney-client privileged or otherwise exempt from disclosure under applicable law, and is intended only for the use of the addressee(s). Unauthorized use, disclosure or copying of this communication or any part thereof is strictly proh bited.  If you have received this communication in error, please notify Edelson PC immediately by return e-mail and destroy this communication and all copies hereof, including all attachments.

Pursuant to requirements related to practice before the U.S. Internal Revenue Service, any tax advice contained in this communication (including any attachments) is not intended to be used, and cannot be used, for purposes of (i) avoiding penalties imposed under the U.S. Internal Revenue Code or (ii) promoting, marketing or recommending to another person any tax-related matter.

On Thu, Sep 22, 2016 at 9:33 AM, Mashberg, Gregg M. <GMashberg@proskauer.com> wrote:

Ben,

While we reject the extreme position suggested by your email, we would like to understand the basis for your statements. Is it your position that your client does not satisfy the injury-in-fact requirement in order to have standing to sue in federal court under Article III?

Thanks.

Gregg

**Gregg M. Mashberg**
Partner

Proskauer
Eleven Times Square
New York, NY 10036-8299
d 212.969.3450/ f 212.969.2900
gmashberg@proskauer.com

**From:** Benjamin H. Richman [mailto:brichman@edelson.com]
**Sent:** Tuesday, September 06, 2016 2:46 PM
**To:** Derksen, Michael F.
**Cc:** cbooth@edelson.com; Mashberg, Gregg M.
**Subject:** Re: Mocek v. AllSaints - Draft Motion re: Briefing Schedule

Michael:

Sorry for the delay response--I was out of the office the end of last week. In any event, the motion looks fine from our perspective. That said, I want to reiterate that we do not believe you can proceed in good faith and consistent with your Rule 11 obligations with the standing arguments you and Gregg articulated to me when we spoke. *See, e.g., ASARCO Inc. v. Kadish*, 490 U.S. 605, 617 (1989); *Smith v. Ohio State Univ.*, No. 2:15-CV-3030, 2016 WL 3182675, at *4 (S.D. Ohio June 8, 2016). We'd ask that you reconsider, but to the extent you do not, obviously reserve all rights to seek relief as a result.

Best,

Ben

**Benjamin H. Richman | Edelson PC**

350 North LaSalle Street, 13th Floor

Chicago, Illinois 60654

312.589.6377 (direct) | 312.589.6370 (firm) | 312.589.6378 (fax)

Case: 1:16-cv-08484 Document #: 20-1 Filed: 10/10/16 Page 12 of 17 PageID #:105

brichman@edelson.com | www.edelson.com

@EdelsonPC   Edelson-PC   EdelsonLaw

♻ Please consider the environment before printing this e-mail.

_____

CONFIDENTIALITY AND LIABILITY FOR MISUSE.

The information contained in this communication is the property of Edelson PC. It is confidential, may be attorney work product, attorney-client privileged or otherwise exempt from disclosure under applicable law, and is intended only for the use of the addressee(s). Unauthorized use, disclosure or copying of this communication or any part thereof is strictly proh bited. If you have received this communication in error, please notify Edelson PC immediately by return e-mail and destroy this communication and all copies hereof, including all attachments.

Pursuant to requirements related to practice before the U.S. Internal Revenue Service, any tax advice contained in this communication (including any attachments) is not intended to be used, and cannot be used, for purposes of (i) avoiding penalties imposed under the U.S. Internal Revenue Code or (ii) promoting, marketing or recommending to another person any tax-related matter.


On Tue, Sep 6, 2016 at 12:44 PM, Derksen, Michael F. <mderksen@proskauer.com> wrote:

Ben-


Following up on my voicemail. Please let us know if you approve. I'd like to get this on file today so it can be heard this week.


- Mike


**Michael F. Derksen**
**Attorney at Law**

Proskauer
Three First National Plaza
70 West Madison, Suite 3800
Chicago, IL 60602-4342
d  312.962.3562
f   312.962.3551
mderksen@proskauer.com



greenspaces
Please consider the environment before printing this email.




**From:** Derksen, Michael F.
**Sent:** Friday, September 02, 2016 7:55 AM
**To:** brichman@edelson.com; cbooth@edelson.com
**Cc:** Mashberg, Gregg M.
**Subject:** RE: Mocek v. AllSaints - Draft Motion re: Briefing Schedule

Ben-

Just following up.  Thanks and happy Friday,

Mike

**Michael F. Derksen**
**Attorney at Law**

Proskauer
Three First National Plaza
70 West Madison, Suite 3800
Chicago, IL 60602-4342
d  312.962.3562
f  312.962.3551
mderksen@proskauer.com

greenspaces
Please consider the environment before printing this email.

---

**From:** Derksen, Michael F.
**Sent:** Thursday, September 01, 2016 9:33 AM
**To:** brichman@edelson.com; cbooth@edelson.com
**Cc:** Mashberg, Gregg M.
**Subject:** Mocek v. AllSaints - Draft Motion re: Briefing Schedule

Ben-

Per our discussion, attached please find a draft motion to set a briefing schedule.  Could you let me know if you have any edits, or if it's okay for us to go ahead and get it on file?  Thanks very much,

Mike

**Michael F. Derksen**
**Attorney at Law**

Proskauer
Three First National Plaza
70 West Madison, Suite 3800
Chicago, IL 60602-4342
d  312.962.3562
f  312.962.3551
mderksen@proskauer.com

Case: 1:16-cv-08484 Document #: 20-1 Filed: 10/10/16 Page 14 of 17 PageID #:107

greenspaces
Please consider the environment before printing this email.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This message and its attachments are sent from a law firm and may contain information that is confidential and protected by privilege from disclosure.
If you are not the intended recipient, you are prohibited from printing, copying, forwarding or saving them.
Please delete the message and attachments without printing, copying, forwarding or saving them, and notify the sender immediately.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

# Exhibit 1-B

# Estimated Billing by Team

Edelson PC

Between August 01, 2016 and October 10, 2016

| | Client | Project | Task | Notes | Hours | Billed | Estimated Billing |
|---|---|---|---|---|---|---|---|
| **Perlstadt, Roger** | | | | | | | |
| 09/23/16 | Class Action Cases | Mocek v. AllSaints USA Limited | Legal Research | Research re removal and futility doctrine | 3.80 | | $2,280.00 USD |
| 10/03/16 | Class Action Cases | Mocek v. AllSaints USA Limited | Communications/Meetings/Court | Meet w/ Richman, Andrews re: Allsaints motion to dismiss removed case | 1.80 | | $1,080.00 USD |
| 10/03/16 | Class Action Cases | Mocek v. AllSaints USA Limited | Legal Research | Research re: burden of establishing federal jurisdic ion in removed case | 2.58 | | $1,548.00 USD |
| 10/03/16 | Class Action Cases | Mocek v. AllSaints USA Limited | Legal Research | Research re: futility doctrine | 1.89 | | $1,134.00 USD |
| 10/03/16 | Class Action Cases | Mocek v. AllSaints USA Limited | Pleadings/Briefs/Pre-Trial Motions/Legal Research | Review AllSaints motion to dismiss | 1.25 | | $750.00 USD |
| 10/04/16 | Class Action Cases | Mocek v. AllSaints USA Limited | Legal Research | Research re: remand procedure following failure to establish federal jurisdiction | 1.95 | | $1,170.00 USD |
| 10/04/16 | Class Action Cases | Mocek v. AllSaints USA Limited | Pleadings/Briefs/Pre-Trial Motions/Legal Research | Draft motion for remand | 2.86 | | $1,716.00 USD |
| 10/05/16 | Class Action Cases | Mocek v. AllSaints USA Limited | Legal Research | Research re: burden of establishing federal jurisdic ion in removed cases and procedure following failure to do so | 1.15 | | $690.00 USD |
| 10/05/16 | Class Action Cases | Mocek v. AllSaints USA Limited | Legal Research | Research re: awards of fees and costs under 28 USC 1447 | 1.78 | | $1,068.00 USD |
| 10/05/16 | Class Action Cases | Mocek v. AllSaints USA Limited | Pleadings/Briefs/Pre-Trial Motions/Legal Research | Draft motion for remand | 3.85 | | $2,310.00 USD |
| 10/07/16 | Class Action Cases | Mocek v. AllSaints USA Limited | Legal Research | Research re: fees and costs under 28 USC 1927 following improper removal and remand | 1.12 | | $672.00 USD |
| 10/07/16 | Class Action Cases | Mocek v. AllSaints USA Limited | Pleadings/Briefs/Pre-Trial Motions/Legal Research | Draft motion for remand (section seeking fees and costs under 1447 and 1927) | 4.59 | | $2,754.00 USD |
| 10/07/16 | Class Action Cases | Mocek v. AllSaints USA Limited | Pleadings/Briefs/Pre-Trial Motions/Legal Research | Revise/edit draft motion for remand | 1.45 | | $870.00 USD |
| 10/10/16 | Class Action Cases | Mocek v. AllSaints USA Limited | Communications/Meetings/Court | Conf call w/ Proskauer re: mo ion for remand | 0.50 | | $300.00 USD |
| 10/10/16 | Class Action Cases | Mocek v. AllSaints USA Limited | Pleadings/Briefs/Pre-Trial Motions/Legal Research | Revise/edit motion for remand | 0.80 | | $480.00 USD |
| 10/10/16 | Class Action Cases | Mocek v. AllSaints USA Limited | Pleadings/Briefs/Pre-Trial Motions/Legal Research | Draft Richman declaration in support of motion for remand | 2.69 | | $1,614.00 USD |
| **Total** | | | | | **34.06** | | **$20,436.00** USD |
| **Richman, Ben** | | | | | | | |
| 08/30/16 | Class Action Cases | Mocek v. AllSaints USA Limited | Communications/Meetings/Court | Preparation for and tele conf. w/ defense counsel. | 0.50 | | $262.50 USD |
| 08/30/16 | Class Action Cases | Mocek v. AllSaints USA Limited | Communications/Meetings/Court | Exchanged e-mails w/ defense counsel re tele conf. | 0.10 | | $52.50 USD |
| 08/31/16 | Class Action Cases | Mocek v. AllSaints USA Limited | Pleadings/Briefs/Pre-Trial Motions/Legal Research | Reviewed and analyzed Defendant's removal papers. | 0.60 | | $315.00 USD |

| | Client | Project | Task | Notes | Hours | Billed | Estimated Billing |
|---|---|---|---|---|---|---|---|
| 09/06/16 | Class Action Cases | Mocek v. AllSaints USA Limited | Communications/Meetings/Court | Prepara ion for and discussion w/ JE, RA and AT re anticipated motion to dismiss for lack of subject matter jurisdiction. | 0.40 | | $210.00 USD |
| 09/06/16 | Class Action Cases | Mocek v. AllSaints USA Limited | Communications/Meetings/Court | Exchanged e-mails w/ defense counsel re inability to remove and seek dismissal for lack of standing. | 0.20 | | $105.00 USD |
| 09/06/16 | Class Action Cases | Mocek v. AllSaints USA Limited | Pleadings/Briefs/Pre-Trial Motions/Legal Research | Reviewed Defendant's draft mo ion to set briefing schedule. | 0.10 | | $52.50 USD |
| 09/22/16 | Class Action Cases | Mocek v. AllSaints USA Limited | Communications/Meetings/Court | Exchanged e-mails w/ defense counsel re inability to remove and seek dismissal for lack of standing. | 0.40 | | $210.00 USD |
| 09/23/16 | Class Action Cases | Mocek v. AllSaints USA Limited | Communications/Meetings/Court | Exchanged e-mails w/ defense counsel re inability to remove and seek dismissal for lack of standing. | 0.30 | | $157.50 USD |
| 09/25/16 | Class Action Cases | Mocek v. AllSaints USA Limited | Communications/Meetings/Court | Exchanged e-mails w/ defense counsel re inability to remove and seek dismissal for lack of standing. | 0.10 | | $52.50 USD |
| 10/03/16 | Class Action Cases | Mocek v. AllSaints USA Limited | Pleadings/Briefs/Pre-Trial Motions/Legal Research | Reviewed and analyzed Defendant's motion to dismiss. | 1.10 | | $577.50 USD |
| 10/07/16 | Class Action Cases | Mocek v. AllSaints USA Limited | Communications/Meetings/Court | Preparation for and discussion w/ RA and RP re motion to remand, and meeting and conferring w/ defense counsel re same. | 0.30 | | $157.50 USD |
| 10/07/16 | Class Action Cases | Mocek v. AllSaints USA Limited | Communications/Meetings/Court | Exchanged e-mails w/ defense counsel re meet and confer. | 0.10 | | $52.50 USD |
| 10/10/16 | Class Action Cases | Mocek v. AllSaints USA Limited | Communications/Meetings/Court | Preparation for and discussion w/ RA and RP re motion to remand. | 0.40 | | $210.00 USD |
| 10/10/16 | Class Action Cases | Mocek v. AllSaints USA Limited | Pleadings/Briefs/Pre-Trial Motions/Legal Research | Reviewed and revised RP's draft motion to remand. | 0.90 | | $472.50 USD |
| 10/10/16 | Class Action Cases | Mocek v. AllSaints USA Limited | Pleadings/Briefs/Pre-Trial Motions/Legal Research | Reviewed and revised draft declara ion in support of mo ion to remand. | 1.00 | | $525.00 USD |
| **Total** | | | | | 6.50 | | $3,412.50 USD |
| **ALL TOTAL** | | | | | 40.56 | | $23,848.50 USD |