IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Barbara Mocek, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> Allsaints USA Limited, a foreign business corporation, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) No. 16 C 8484 |

Memorandum Opinion and Order

This putative class action alleging violation of the Fair and Accurate Credit Transactions Act ("FACTA"), 15 U.S.C. § 1681c(g), originated in the Circuit Court of Cook County. Defendant removed the case under 28 U.S.C. § 1441, asserting federal subject matter and diversity jurisdiction. One month later, without alleging any change in circumstances bearing on jurisdiction, defendant moved to dismiss the case for lack of federal jurisdiction.[1] Specifically, defendant asserted that plaintiff lacks standing pursuant to *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016), without which there is no justiciable case or controversy—a prerequisite to my exercise of jurisdiction under Article III of the Constitution.

---

[1] Defendant also moved to dismiss under Fed. R. Civ. P. 12(b)(6), but this portion of their motion has been stayed by agreement pending resolution of the jurisdictional issue.

In response, plaintiff moved for an order remanding the case to state court pursuant to 28 U.S.C. § 1447(c), which states: "If at any time before final judgment it appears that the district court lacks subject-matter jurisdiction, the case shall be remanded." Plaintiff does not dispute that I lack jurisdiction, emphasizing that it is *defendant* who bears the burden of establishing federal jurisdiction. In plaintiff's view, remand is required in view of defendant's affirmative disavowal of jurisdiction. In addition to remand, plaintiff seeks to recover the attorneys' fees she incurred in connection with defendant's removal.

For the reasons explained below, I grant plaintiff's motion for remand and for attorneys' fees, and I deny defendant's motion to dismiss.

I.

Neither side believes this case belongs in federal court. Indeed, they agree that I lack jurisdiction over plaintiff's only claim. Their dispute boils down to whether, under these circumstances, I must remand the case to state court or instead dismiss it outright.

Although plaintiff's claim arises under federal law, no one questions the state courts' authority to adjudicate it. *See ASARCO Inc. v. Kadish*, 490 U.S. 605, 617 (1989) (absent provisions for exclusive federal jurisdiction, state courts are

2

authorized "to render binding judicial decisions resting on their own interpretations of federal law."). Moreover, even when they adjudicate federal claims, state courts are not restricted by Article III of the Constitution, although they may have their own standing requirements. *Id. See also Smith v. Wisc. Dep't of Agric., Trade & Consumer Prot.*, 23 F.3d 1134, 1139 (7th Cir. 1994). Accordingly, plaintiff's ability to satisfy *Spokeo* does not determine whether she may proceed with her suit in state court.

Defendant insists that because federal courts have an independent obligation to satisfy themselves of their own jurisdiction before passing on the merits of a claim, it follows that I must determine whether plaintiff has Article III standing regardless of whether some other threshold matter compels remand. But that argument is belied by *Meyers v. Oneida Tribe of Indians of Wisconsin*, ---F.3d---, 2016 WL 4698949 (7th Cir. 2016), a case likewise arising under FACTA, in which the Seventh Circuit declined to address standing under *Spokeo*, explaining that a federal court is not required to "consider subject matter jurisdiction over all other threshold matters." *Id*. at *3. Instead, the court explained, a federal court "has leeway to choose among threshold grounds for denying audience to a case on the merits." In *Meyers*, the court concluded that because sovereign immunity—a non-jurisdictional threshold issue—was

3

"easily and readily" resolved in the defendant's favor, it made little sense to waste judicial resources, or those of the parties, resolving the *Spokeo* issue. *Id*. The court emphasized that its approach did not run afoul of the Supreme Court's prohibition on "hypothetical jurisdiction," *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 101 (1998), because "jurisdiction is vital only if the court proposes to issue a judgment on the merits." *Meyer*, at *3 (quoting *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422 (2007) (alteration omitted).

So, too, in this case, the jurisdictional issue is "easily and readily" resolved based on the parties' post-removal agreement that federal jurisdiction is lacking. Indeed, the court remanded to state court *sua sponte* on that very basis in *Black v. Main Street Acquisition Corp.*, No. 11-cv-0577, 2013 WL 1295854 (N.D.N.Y. Mar. 27, 2013), concluding that when "no party shoulders the burden of proving jurisdiction," remand is required under § 1447(c). *Id*. at *1 (declining to dismiss the case with prejudice). *Black* is consistent with the Seventh Circuit's holding in *Meyers* that district courts have "leeway" to select among threshold grounds for disposing of a case and should do so in a resource-efficient manner. Because the parties are now aligned in the view that I lack subject-matter

4

jurisdiction, I need not accept defendants' invitation to undertake a *Spokeo* analysis to conclude that remand is required.

At all events, defendant admits that Article III standing in the context of FACTA is "unsettled" after *Spokeo*, with cases from various jurisdictions coming to disparate conclusions and no controlling authority on point. Def. Opp. at 3. That consideration alone supports remand, as "[a]ny doubt regarding jurisdiction should be resolved in favor of the states." *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993). Indeed, as a general matter, federal courts "should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum." *Id.* Here, plaintiff chose to litigate her FACTA claim in state court, and regardless of whether federal jurisdiction was colorable at the time of removal, the parties now agree that there is none. Section 1447(c) provides the remedy for this state of affairs: I must remand the case to state court. *See* 28 U.S.C. § 1447(c) ("If *at any time before final judgment* it appears that the district court lacks subject-matter jurisdiction, the case shall be remanded.") (Emphasis added).

*Hopkins v. Staffing Networks Holdings, LLC*, No. 16-cv-7907, 2016 WL 6462095 (N.D. Ill. Oct. 18, 2016) (Gettleman, J.), is not to the contrary. Indeed, upon concluding that the plaintiff lacked Article III standing, Judge Gettleman remanded the case

5

to state court, noting that remand is "mandatory" under § 1447(c). *Id.* at *4. Accordingly, he rejected the defendants' request "simply to dismiss the case" outright, which is the relief defendant seeks here. *Id.* While it is true that Judge Gettleman examined the *Spokeo* issue—which, unlike in this case, the parties disputed—and concluded that it warranted dismissal, the relief he ordered was remand. *Id. Cont'l Cas. Co. v. Southern Co.*, 284 F. Supp. 2d 1118 (N.D. Ill. 2003), and *Macon County, Ill. v. Merscorp, Inc.*, 968 F. Supp. 2d 959 (C.D. Ill. 2013), likewise support remand.

I note that although the memorandum supporting defendant's motion to dismiss explicitly seeks dismissal with prejudice, and does not limit that relief to a dismissal under Rule 12(b)(6), defendant's counsel acknowledged, at the hearing on plaintiff's motion for remand, that dismissal with prejudice would be inappropriate under Rule 12(b)(1), stating "[s]o we are – we're not saying that you would – that you could dismiss with prejudice based on 12(b)(1), but we are saying if you find that there is no injury in fact in this court, we think that would greatly shorten the proceedings in state court." 10/13/2016 Tr. at 11. Defendant is correct that "[d]ismissals because of absence of federal jurisdiction ordinarily are without prejudice...because such a dismissal may improperly prevent a litigant from refiling his complaint in another court that does

6

have jurisdiction." *El v. AmeriCredit Financial Servs., Inc.*, 710 F.3d 748, 751 (7th Cir. 2013) (internal quotation marks and citation omitted). Accordingly, if defendant seeks dismissal with prejudice, then Rule 12(b)(1) is not an appropriate avenue for that relief.[2] If, on the other hand, defendant seeks dismissal without prejudice, then the only relief to which it is entitled—as its counsel's in-court statement implicitly acknowledges—is remand.

Lastly, to the extent counsel's in-court statement suggests that defendant's real objective in pressing the *Spokeo* issue is to "shorten the proceedings in state court," I am not inclined to resolve an issue that is not actually in dispute, solely for the purpose of advancing, in some advisory fashion, an argument defendant may wish to make in state court. *See Smith v. Wisc. Dep't of Agric., Trade & Consumer Prot.*, 23 F.3d 1134, 1139 (7th Cir. 1994) ("Wisconsin's doctrines of standing and ripeness are

---

[2] In *El*, the Seventh Circuit recognized limited circumstances in which dismissal with prejudice may be appropriate in the absence of federal jurisdiction, such as when a frivolous federal claim is the basis for removal. *See* 710 F.3d at 751 (explaining that because a frivolous claim "will go nowhere in any court," dismissal with prejudice is appropriate). But defendant does not contend that such circumstances obtain here. Indeed, although defendant challenges the sufficiency of plaintiff's claim under Rule 12(b)(6), it has not gone so far as to argue that her claim is frivolous. That defendant also asserted diversity jurisdiction in its removal papers does not change the analysis. Because standing is an "essential and unchanging part of the of the case-or-controversy requirement of Article III," *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992), it is required in all cases in which a federal court exercises jurisdiction.

the business of the Wisconsin courts, and it is not for us to venture how the case would there be resolved.").

In short, with no party willing to overcome the presumption against federal jurisdiction, remand is appropriate on any analysis.

II.

I now turn to plaintiff's request for attorneys' fees. Section 1447(c) authorizes a court to require payment of just costs, including attorney' fees, as part of its remand order. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 138 (2005); 28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."). The Supreme Court explained in *Martin* that the statute creates no presumption either in favor of or against fee-shifting, but instead strikes a balance that effectuates Congress's intent of allowing removal in appropriate circumstances while reducing "the attractiveness of removal as a method for delaying litigation and imposing costs on the plaintiff." *Id*. at 140. In this case, while the federal nature of plaintiff's claim facially entitled defendant to seek a federal forum, defendant's professed strategy of removing the case on the basis of federal jurisdiction, only to turn around and seek dismissal with prejudice—a remedy not supported by any of defendant's cases—on

8

the ground that federal jurisdiction was lacking, unnecessarily prolonged the proceedings.

To be clear, there is no question that if defendant wished to litigate the merits of plaintiff's federal claim in a federal forum, it was free to remove the case and seek to establish federal jurisdiction, regardless of whether I may ultimately have concluded that plaintiff lacked standing under *Spokeo*. *See G.M. Sign, Inc. v. Global Shop Solutions, Inc.*, 430 F. Supp. 2d 826 (N.D. Ill. 2006) (rejecting the argument that the defendant could not remove a claim arising under a federal statute until controlling authority affirmatively settled a dispute among lower courts as to whether the claim could be brought in federal court). But defendant did not pursue that avenue. Instead, defendant tried to have it both ways by asserting, then immediately disavowing, federal jurisdiction, apparently in hopes of achieving outright dismissal, with prejudice, rather than the remand required by § 1447(c). As noted above, no court has afforded that relief under similar circumstances, and defendant's own authority confirms that remand is "mandatory."

In short, it should have been obvious to defendant, based on well-settled law, that with no party asking for the merits of plaintiff's claim to be decided in federal court, and both sides arguing against federal jurisdiction, the only possible outcome was for the case to end up right back where it started: in state

9

court. Under these circumstances, I have no trouble concluding that defendant lacked an "objectively reasonable basis for seeking removal." *Martin*, 546 U.S. at 141. Accordingly, plaintiff is entitled to recover her attorneys' fees incurred as a result of removal.

### III.

For the foregoing reasons, I grant plaintiff's motion for remand and attorneys' fees and deny as moot defendant's motion to dismiss. Because defendant has not objected to the specific fee amount plaintiff claims, which she supports with evidence in the form of affidavits and billing records, I find that plaintiff is entitled to payment in the amount of $58,112.50 pursuant to § 1447(c).

ENTER ORDER:

_____
**Elaine E. Bucklo**
United States District Judge

Dated: December 7, 2016